### HARRIS v. STATE BANK.

(Supreme Court, Appellate Term. February 27, 1906.)

1. DEATH—PROOF—DECLARATION BY ADMINISTRATOR.

In an action by an administrator against a bank to recover an alleged deposit made by decedent, a statement by the administrator, on making demand on defendant for the money, that decedent died on a certain date, had no probative force as evidence of death or time of death.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 6.]

2. BANKS—DEPOSITS—ESTATES OF DECEDENTS—ACTION BY ADMINISTRATOR—SUFFICIENCY OF EVIDENCE.

Where, in an action by an administrator against a bank to recover the amount of a deposit made by decedent, a passbook produced by defendant showed a deposit made by deceased on a certain date, and a subsequent withdrawal thereof, but there was no proof as to the date of decedent's death, the complaint was properly dismissed for failure of

proof that at the time of his death there was any money belonging to decedent on deposit with defendant.

3. PLEADING—ADMISSIONS IN ANSWER—CONSTRUCTION.

    In an action by an administrator against a bank to recover a deposit alleged to have been made by plaintiff's decedent, an admission in defendant's answer that during his lifetime deceased deposited the sum alleged with defendant, accompanied with an express denial that any sum was so held at the time of decedent's death, and with proof from decedent's passbook that on a certain date such sum was withdrawn, could not be construed as an admission that at the time of decedent's death such sum was still on deposit with defendant.

Appeal from City Court of New York, Trial Term.

Action by Charles B. Harris, as temporary administrator of the estate of Joseph Bielat, against the State Bank. From an order setting aside the dismissal of the complaint, and granting a new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Steuer & Hoffman, for appellant.

S. Ellerstein, for respondent.

GREENBAUM, J. The complaint alleges the death of one Josef Bielat on or about the 29th day of March, 1905; that letters of temporary administration by the surrogate of Kings county on the estate of said Bielat were issued on or about the 13th day of June, 1905, to plaintiff, who duly qualified as such administrator, and "that prior to the death of said Josef Bielat the said Josef Bielat deposited with the said defendant the sum of three hundred dollars, and at the time of his death the said Josef Bielat had on deposit with the defendant the sum of three hundred dollars, and that the said sum of three hundred dollars had not been withdrawn from the said bank by the said Josef Bielat during his lifetime." The complaint also alleges the incorporation of the defendant as a banking corporation, and the demand for the payment of the said sum of $300. The answer admits the incorporation of the bank by not denying it, and denies every other allegation of the complaint, except the allegation "that prior to the death of the said Josef Bielat, deceased, the said Josef Bielat deposited with said defendant the sum of three hundred dollars."

Upon the trial there was no affirmative proof of the death of Josef Bielat, unless that fact may be inferred from the granting of letters testamentary upon his estate. There was no proof as to the date upon which Josef Bielat died. The only testimony tendered which refers to the time of Josef Bielat's death was that, when the administrator made demand upon an official of the bank for the $300, he stated that Josef Bielat died on March 29, 1905. This declaration out of court by the administrator has no probative force as evidence of death or time of death. In addition to testimony that letters testamentary were issued to plaintiff, the only other evidence adduced was a passbook of the account of the deceased with defendant, produced by the defendant under a subpœna duces tecum served upon it, from which it appeared that the deceased had deposited with defendant on January 31, 1905, the sum of $300, and had withdrawn said sum on March 30, 1905. As there was

a complete failure of proof as to the date of the death of Josef Bielat, there was no evidence that at the time of his death there was any money belonging to the deceased on deposit with defendant. The admission in the answer that during his lifetime the deceased had deposited said sum with defendant cannot be construed as an admission that at the time of his death said sum was still on deposit, accompanied as it was with an express denial that any sum was so held at the time of Josef Bielat's death, and of the proof from the passbook that on March 30, 1905, said sum was withdrawn.

The cases relied on by plaintiff as to the affirmative duty of defendant to prove a rightful payment to the one entitled thereto after the death of a depositor have no application to the facts here disclosed. Had it been shown that Joseph Bielat died on March 29, 1905, a prima facie case might have been presented in favor of plaintiff. The complaint was properly dismissed, and the order setting aside the dismissal and granting a new trial was erroneous.

Order reversed, and motion denied, with costs to appellant in this court and $10 costs in the court below. All concur.